Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| *WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR FIANCE OF AMERICA STRUCTURED SECURITIES ACQUISITION TRUST 2018-HB1*<br>**Apelado**<br><br>V.<br><br>CENTRO DE MEDIACIÓN DE CONFLICTOS, CENTRO DE RECAUDACIÓN DE IGRESOS MUNICIPALES, ESTADOS UNIDOS DE AMÉRICA, FULANA DE TAL, FULANO DE TAL, SUCN. ÁNGEL MANUEL CRUZ RIVERA T/C/C ANGEL M CRUZ RIVERA T/C/C ANGEL M CRUZ T/C/C ANGEL M CRUZ-RIVERA<br>**Apelante** | KLAN202400398 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil. Núm. CG2022CV04102<br><br>Sobre: Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de mayo de 2024.

El 25 de abril de 2024, la Sra. Evederys Cruz y la Sra. Arelys Cruz (en conjunto, las peticionarias) comparecieron ante nos mediante un recurso intitulado *Alegato de la Parte Apelante* y nos solicitaron la revisión de una resolución que se dictó y notificó el 23 de febrero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI).[1] Mediante el aludido dictamen, el TPI declaró No Ha Lugar una moción de relevo de sentencia instada por las peticionarias.

---

[1] Acogemos la apelación de epígrafe como un *certiorari*, por ser el recurso adecuado para la revisión de la determinación recurrida. Sin embargo, para fines administrativos, mantenemos la codificación alfanumérica que la Secretaría de este foro le asignó al caso

Número Identificador

RES2024 _____

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

I.

El 12 de diciembre de 2022, *Wilmington Savings Fund Society* (recurrido) presentó una *Demanda* sobre ejecución de hipoteca contra la sucesión de Ángel Manuel Cruz Rivera (señor Cruz Rivera).[2] En esencia, alegó que el señor Cruz Rivera era el titular de una propiedad sita en municipio de Caguas, la cual estaba gravada con una hipoteca. Sostuvo que el recurrido era el tenedor de buena fe del pagaré hipotecario objeto de ejecución. Agregó que esta parte declaró vencida liquida y exigible la totalidad de la deuda y detalló que al 30 de noviembre de 2022 se adeudaba la suma principal de $159,245.10, los intereses sobre dicho monto los cuales totalizaban $18,640.70 y que estos continuarían acumulándose a razón de la tasa de interés corriente en el mercado, más la suma de $34,050.00, para gastos, costas y honorarios de abogado. Por ello, solicitó la ejecución y venta en pública subasta del bien inmueble garantizado por la hipoteca.

Tras varios tramites procesales los cuales no son necesarios detallar, el 25 de abril de 2023, el recurrido presentó una *Moción en Solicitud de Sentencia en Rebeldía*.[3] Mediante esta arguyó que las peticionarias fueron emplazadas mediante edicto. Indicó que, pese a que fueron debidamente emplazadas, esta parte no había presentado alegación responsiva. Por tal motivo, razonó que tras haber expirado el término de treinta (30) días dispuesto por la Regla 10.1 de Procedimiento Civil, 32. LPRA Ap. V R.10.1, para la presentación de alegación responsiva, solicitó que se dictara sentencia en rebeldía. Así pues, el 11 de octubre de 2023, el TPI emitió una *Sentencia en Rebeldía* y, en consecuencia, ordenó al

---

[2] Véase, apéndice de las peticionarias, págs. 1-7.
[3] Íd., págs. 31-33.

Alguacil a efectuar la venta en pública subasta de la propiedad hipotecada para aplicar el importe de la venta al saldo de la deuda.

Posteriormente, el 16 de febrero de 2024, las peticionarias presentaron una *Moción Asumiendo Representación Legal: Moción al Amparo de la Regla 49.2 de Procedimiento Civil y Moción Solicitando Paralización de Subasta*.[4] En esta, explicaron que, pese haber sido emplazadas por edicto, no lograron advenir en conocimiento del procedimiento de ejecución de la propiedad en controversia, pues estas eran residentes del estado de la Florida. Esbozaron que el 5 de enero de 2024 se comunicaron con personal de *Finance of America*, uno de los co-demandantes, para tratar de rescatar la propiedad. Esgrimieron que el personal de *Finance of America*, les comunicó que el *Housing Urban Development* (HUD) prefería permitir que los herederos compren la propiedad. Ante estos argumentos, le solicitaron al TPI que dejara sin efecto la sentencia que se dictó el 12 de octubre de 2023 y se les permitiera contestar la demanda y comenzar el proceso de mediación para recuperar la propiedad.

Evaluado este escrito, el 23 de febrero de 2024, el TPI emitió y notificó una *Resolución* en la cual dictaminó los siguiente: "Ha Lugar a la solicitud para asumir representación legal. No Ha Lugar a la solicitud de relevo de sentencia [sic]. No se cumple con ninguno de los incisos de la Regla 49.2 de Procedimiento Civil".[5] Insatisfechas con este resultado, las peticionarias presentaron una *Moción de Reconsideración al amparo de la Regla 47.2* en la cual reiteraron que las peticionarias no habían tenido su día en corte y que desde que advinieron en conocimiento de la existencia de este pleito, habían realizado distintas gestiones con el propósito de continuar los procedimientos y que el TPI dejara sin efecto la sentencia.[6] El 21 de

---

[4] Íd., págs. 148-150.
[5] Íd., pág. 160.
[6] Íd., págs. 162-164.

marzo de 2024, el TPI emitió una *Resolución* notificando No Ha Lugar a la reconsideración. Inconforme aun, el 22 de abril de 2024, las peticionarias comparecieron ante nos mediante el recuso de epígrafe y formularon el siguiente señalamiento de error:

> **Erró el Honorable Foro de Instancia al no concederé la Moción al Amparo de la Regla 49.2 de Procedimiento Civil.**

Atendido el recurso, el 23 de abril de 2023 emitimos una *Resolución* en la cual expresamos, entre otras cosas, que acogíamos el presente recurso como un *certiorari*. Además, le concedimos a la recurrida hasta el 2 de mayo de 2024 para que presentara su escrito en oposición. Oportunamente, el recurrido presentó una *Solicitud de Desestimación* en la cual planteó que el recurso le fue notificado de manera tardía. El 13 de mayo de 2024, emitimos una *Resolución* en la cual declaramos No Ha Lugar la solicitud de desestimación. Con el beneficio de la comparecencia de las partes, procedemos a resolver la controversia que está ante nuestra consideración.

## II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así,

"el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, al determinar si procede expedir o denegar un recurso de *certiorari* en el cual se recurre de un asunto post-sentencia, debemos evaluar únicamente los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Íd. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o post-sentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                                        Lcda.  Lilia M. Oquendo Solís
                                 Secretaria del Tribunal de Apelaciones